**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/JFD) |
| This Document Relates to:<br>Civil Action Nos. 18-2460, 18-2833, 18-2834, 18-2835, 19-263, 19-284 (MJD/JFD) | |

**ORDER AND FINAL JUDGMENT**

WHEREAS, shareholder derivative actions are pending in this Court and have been consolidated under the case caption *In re: CenturyLink Sales Practices and Securities Litigation*, No. 17-md-2795-MJD-JFD, 18-cv-2460, 18-cv-2833, 18-cv-2834, 18-cv-2835, 19-cv-263, 19-cv-284 (the "Federal Derivative Actions").

WHEREAS, (i) Lead Plaintiff Timothy Ault, and plaintiffs Michael Barbree, Glen Walker, Sona Andresian, Jr., Neil TS Flanders, Inter-Marketing Group USA, Inc., Dennis Palkon, and Edward Tansey in the Federal Derivative Actions; (ii) plaintiffs Michael Castagna, and Mitchell Pinsly, and Thomas Sheppard in the Louisiana state derivative actions, *Pinsly v. Post, et al.*, No. C-20182002, *Castagna Jr. v. Post, et al.*, No. C-20182006, and *Sheppard v. Post, et al.*, No. C-20182799 (collectively, the "State Derivative Actions"), pending in the 4th Judicial District Court for the Parish of Ouachita (plaintiffs in the Federal Derivative Actions and the State Derivative Actions are collectively referred to as "Derivative Plaintiffs"); (iii) the putative shareholder Chang Choi who on December 12, 2019 sent a demand ("Choi Demand") to the then-Chairman

of CenturyLink, Inc.'s board of directors (Choi and the Derivative Plaintiffs together are collectively referred to as "Settling Shareholders") (the Choi Demand, the Federal Derivative Actions, and the State Derivative Actions are collectively referred to as the "Actions"); (iv) nominal Defendant CenturyLink, Inc. ("CenturyLink" or the "Company"); and (v) Defendants G. Clay Bailey, Martha Bejar, Virginia Boulet, Peter Brown, Kevin Chilton, Steven Clontz, David Cole, Dean Douglas, R. Stewart Ewing, Jr., T. Michael Glenn, W. Bruce Hanks, Mary Landrieu, Gregory McCray, C.G. Melville, Jr., William Owens, Harvey Perry, Glen Post III, Michael Roberts, Laurie Siegel, Sunit Patel, Karen Puckett, Jeffrey Storey, and Joseph Zimmel, all of whom are current and former officers and/or directors of CenturyLink (the "Individual Defendants" and CenturyLink are collectively referred to as the "Defendants") (the Settling Shareholders and Defendants are collectively referred to as the "Parties"), entered into a Stipulation that is intended by the Parties to fully, finally, and forever compromise, settle, release, resolve, and discharge the Federal Derivative Actions, the State Derivative Actions, the Choi Demand, and all Released Claims.

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation.

WHEREAS, the Stipulation and the settlement contemplated thereby (the "Settlement") have been presented at the hearing on January 16, 2024 at 11:00 a.m. (the "Settlement Hearing");

WHEREAS, the Parties have appeared by their attorneys of record and the attorneys for the respective Parties have been heard in support of the Settlement and an opportunity

to be heard has been given to all other Persons desiring to be heard as provided in the Notice (defined below); and

WHEREAS, the Court has reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, and all oral and written comments regarding the proposed Settlement, and with good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. **Jurisdiction** – The Court has jurisdiction over the Federal Derivative Actions, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties as it relates to the Federal Derivative Actions and the Settlement only.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 10, 2023, and all of the Stipulation's terms, conditions, provisions, and exhibits; and (b) the Notice, filed with the Court on July 10, 2023.

3. **Sufficiency of Notice** – The Notice of Pendency of Derivative Actions, Proposed Settlement of the Actions, and Settlement Hearing (the "Notice") and Summary Notice of Pendency and Proposed Settlement of Derivative Actions, and Settlement Hearing (the "Summary Notice") have been provided to CenturyLink shareholders pursuant to and in the manner directed by the Preliminary Approval Order, proof of the dissemination of the Summary Notice and Notice has been filed with the Court, and a full opportunity to be heard has been offered to all Parties and Persons in interest. The form and manner of the Summary Notice and Notice are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance

3

with each of the requirements of Federal Rule of Civil Procedure 23.1, due process, and applicable law, and to constitute due and sufficient notice to all Persons entitled thereto.

4. **Approval of Settlement and Entry of Final Judgment** – The Settlement is found to be fair, reasonable, and adequate, and it is hereby approved. The Court further finds that the Settlement is the result of arms'-length negotiations between experienced counsel fairly and adequately representing the interests of the respective Parties. Accordingly, this Court fully and finally approves the Settlement in all respects, the Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms, conditions, and provisions, and the Clerk of the Court is directed to enter and docket this Order in the Federal Derivative Actions.

5. **Dismissal of Federal Derivative Actions** – The Federal Derivative Actions are hereby dismissed with prejudice, on the merits, and in its entirety in full and final discharge of any and all Claims that were or could have been asserted in the Federal Derivative Actions against Defendants and Defendants' Releasees and, except as provided in the Stipulation and this Order, without fees, costs, or expenses to any Party or any of the Defendants.

6. **Release of Settling Shareholders' Released Claims** – The Releases set forth in Paragraph 13 of the Stipulation, together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, as of the Effective Date, Settling Shareholders Releasees, including the Settling Shareholders and CenturyLink, shall thereupon be deemed to have completely, fully, finally, and forever released, relinquished, settled, and discharged each and all of

Defendants' Releasees from and with respect to any and all of the Settling Shareholders' Released Claims (including Unknown Claims), and will be forever barred and enjoined from commencing, instituting, or prosecuting any action or proceeding, in any forum, asserting any of the Settling Shareholders' Released Claims against any of the Defendants' Releasees.

7.   **Release of Defendants' Released Claims** – The Releases set forth in Paragraph 14 of the Stipulation, together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, as of the Effective Date, the Defendants' Releasees, individually and collectively, shall thereupon be deemed to have completely, fully, finally, and forever released, relinquished, settled, and discharged the Settling Shareholders Releasees from and with respect to any and all Defendants' Released Claims (including Unknown Claims), and will be forever barred and enjoined from commencing, instituting, or prosecuting any action or proceeding, in any forum, asserting any of the Defendants' Released Claims against any of the Settling Shareholders Releasees.

8.   **Parties Bound by Order** – As of the Effective Date, the Parties shall be deemed bound by this Order. This Order, including, without limitation, the release of all Released Claims against all Releasees, shall have *res judicata*, collateral estoppel, and all other preclusive effects in all pending and future lawsuits, arbitrations, or other suits, actions, or proceedings involving any of the Settling Shareholders Releasees or the Defendants' Releasees.

9. **Settling Shareholders' Counsel Fee and Expense Award** – Settling Shareholders' Counsel are hereby awarded attorneys' fees in the amount of one million eight hundred fifty thousand dollars ($1,850,000), inclusive of expenses and Service Awards, which amount the Court finds to be fair and reasonable and which shall be paid in accordance with the terms and conditions of the Fee and Expense Amount and the Service Awards contemplated in the Stipulation.

10. **Order and Settlement Not Conditioned on Any Fee and Expense Amount** – The binding effect of this Order and the obligations of the Parties under the Stipulation and Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order that relates solely to the issue of any application for an award of attorneys' fees and expenses.

11. **Effect of Disapproval, Cancellation, or Termination** – In the event that the Settlement is terminated for any reason, including pursuant to Paragraph 28 of the Stipulation, Settling Shareholders and the Defendants shall be restored to their respective positions as of February 10, 2023, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any of the Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Actions in any other action or proceeding.  In such event, the terms and provisions of the Stipulation, with the exception of Paragraphs 1(a)-1-(ll), 21, 27–30, 53 therein, shall have no further force and effect with respect to the Parties and shall not be used in the Actions, or in any other proceeding for any purpose, and any judgment or orders

entered by this Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

12.     **No Admission** – Neither this Order, the Term Sheet, the Stipulation, including the exhibits hereto, the Settlement nor any act or omission in connection therewith is intended or shall be deemed or argued to be evidence of or to constitute an admission or concession by: (a) any of the Defendants, or any of Defendants' Releasees as to (i) the truth of any fact alleged by Settling Shareholders, (ii) the validity of any claims or other issues raised, or which might be or might have been raised, in the Actions or in any other litigation, (iii) the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or (iv) any wrongdoing, fault, or liability of any kind by any of them, which each of them expressly denies; or (b) Settling Shareholders, CenturyLink or any of the other Settling Shareholders' Releasees that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that relief recoverable under the Amended Complaint would not have exceeded the Settlement recovery. The Defendants and Defendants' Releasees may file this Stipulation and/or the Judgment in any action that has been or may be brought against them in order to support a claim or defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or in connection with any insurance litigation.

13. **Extension of Stipulation Dates** – Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. **Modification of the Stipulation** – Without further approval from the Court and consistent with the terms of the Stipulation, the Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Stipulation and/or any of the exhibits attached thereto to effectuate the Settlement that are not materially inconsistent with this Order.

15. **Retention of Jurisdiction** – Without affecting the finality of this Order in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement, including, without limitation, the resolution of any disputes that may arise with the effectuation of any of the provisions of the Stipulation, the entry of such further orders as may be necessary or appropriate in administering and implementing the terms, conditions, and provisions of the Settlement and this Order, and other matters related or ancillary to the foregoing.

16. **Interpretation of Headings** – The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in the Federal Derivative Actions. **Accordingly, the Clerk of the Court is expressly directed to immediately enter final judgment in the Federal Derivative Actions.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 16, 2024

s/Michael J. Davis
Michael J. Davis
United States District Court
